IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OSU STUDENTS ALLIANCE, a                    Civ. No. 09-6269-AA
registered student organization                OPINION AND ORDER
at Oregon State University and
non-profit corporation organized
under section 501(c)(3) of the
Internal Revenue Code, and
WILLIAM ROGERS,

       Plaintiffs,

   v.

ED RAY, individually, and in his
official capacity as President
of Oregon State University;
MARK MCCAMBRIDGE, individually,
and in his official capacity as
Vice President for Finance and
Administration of Oregon State
University; LARRY ROPER,
individually, and in his official
capacity as Vice Provost for
Student Affairs at Oregon State
University; VINCENT MARTORELLO,
individually, and in his official

1 - OPINION AND ORDER

capacity as Director of
Facilities Services for Oregon
State University,

       Defendants.

───────────────────────────

Heather Gebelin Hacker
David Hacker
Alliance Defense Fund
101 Parkshore Drive, Suite 100
Folsom, CA 95630

Jonathan A. Clark
Attorney At Law
317 Court Street NE
Salem, OR 97301

Jeffrey A. Shafer
Alliance Defense Fund
801 G Street NW, Suite 509
Washington, DC 20001
    Attorneys for plaintiffs

John R. Kroger
Attorney General
Katherine G. Georges
Senior Assistant Attorney General
Nathan B. Carter
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
    Attorneys for defendants

AIKEN, Chief Judge:

     Plaintiffs, Oregon State University Student Alliance (OSUSA)

and William Rogers bring this action for injunctive and

declaratory relief and damages against defendants Ed Ray, Mark

McCambridge, Larry Roper, and Vincent Martoller, individually and

in their official capacities as Oregon State University (OSU)

administrators.  Plaintiffs allege that defendants' newspaper bin

2 - OPINION AND ORDER

location policy violates their First and Fourteenth Amendment
constitutional rights.  They seek injunctive and declaratory
relief and damages.  Defendants filed a motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6), and in the alternative, a
motion for summary judgment pursuant to Fed. R. Civ. P. 56(c) on
plaintiffs' claims for injunctive and prospective declaratory
relief.  I will consider both the motion to dismiss and the
alternative motion for summary judgement relying on evidence
beyond the pleadings.  For the reasons set forth below,
defendants' motion for summary judgment on injunctive and
prospective declaratory relief is granted, and defendants' motion
to dismiss on all other claims is granted.

## STATEMENT OF FACTS

The following facts are taken generally from the plaintiffs'
complaint.  Plaintiffs are former and current OSU students who
are members of OSUSA, an organization that publishes a newspaper,
called *The Liberty*.  *The Liberty* is staffed by students and
funded through advertising and private donations.  For several
years, plaintiffs distributed copies of *The Liberty* to OSU
students in plastic newspaper bins placed around the OSU campus.
To prevent theft, plaintiffs affixed the newspaper bins to
various campus fixtures using bicycle chains and padlocks.

Pursuant to an unwritten 2006 OSU policy restricting the
placement of newspaper bins on campus, OSU Facilities Services
staff members removed plaintiffs' newspaper bins during the 2009
winter term.  Plaintiffs contacted the OSU Facilities Services

3 - OPINION AND ORDER

Department and were told by staff member, Joe Majeski, that the
bins were removed to a storage yard because they had been placed
in unauthorized locations and that OSU had designated areas
around the Memorial Union and some of the dormitories for
newspaper bins.  Plaintiffs went to the storage yard to retrieve
the bins.  One of the bins had been damaged and approximately 150
copies of *The Liberty* were ruined due to water damage.

Plaintiffs then contacted defendant Ed Ray, OSU President,
complaining about the bin removal.  Defendant Ray directed
plaintiffs to contact other University officials.  Accordingly,
plaintiffs contacted defendant Vincent Martorello, Director of
Facilities Services, who explained to plaintiffs that the
newspaper bin policy was intended to regulate off-campus
newspapers in order to keep the campus clean.  He also explained
that newspaper bins were not to be chained to campus property
because the chained bins interrupted maintenance crew work and
interfered with Americans with Disabilities Act (ADA)
requirements.  Defendant Martorello offered to have the damaged
bin repaired at the Facilities shop, and it has since been
repaired.

Plaintiffs later sent an email to defendant Martorello, in
which they explained the background of *The Liberty* and argued
that it was a student newspaper, and not an off-campus newspaper.
Defendant Martorello replied that he drew a distinction between
*The Liberty,* and the official OSU newspaper, *The Daily Barometer*,
which was funded by Associated Students of OSU (ASOSU).  Later,

4 - OPINION AND ORDER

plaintiffs received an email from defendant McCambridge, OSU Vice
President for Financial and Administration explaining that
because *The Liberty* is not funded by ASOSU, the administration
did not have the same communication with it as with other student
organizations and that distribution of *The Liberty* newspaper bins
lacked coordination with OSU staff.

After this exchange, plaintiffs found two off-campus
newspaper bins that were not in the areas designated for such
publications and found a newspaper bin for *The Daily Barometer*
chained to an OSU fixture.  They again inquired about the
newspaper bin location policy and asked to see its written
source.  An attorney representing the University responded to
plaintiffs explaining that OSU policies for grounds, facilities,
and buildings, including the placement of newspaper bins is
plenary under Oregon statute and does not require a written
policy.  Plaintiffs continued to argue their status as a student,
rather than off-campus, newspaper and ultimately registered as an
official student organization in the spring of 2009.

After failed attempts challenging OSU's policy, plaintiffs
filed the action at bar.  Defendants have since changed the
newspaper bin location policy and committed it to writing.
Declaration of Vincent Martorello, Exhibit A.  The new policy
does not distinguish between student and off-campus publications
and increases the number of locations that plaintiffs may place
their bins around campus.  Id., page 3.

## STANDARDS OF REVIEW

### I.  Motions to Dismiss

Pursuant to Fed. R Civ. P. 8(a)(2) a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  To survive a motion to dismiss under Fed. R.  Civ. P. 12(b)(6), a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  This plausibility standard requires the pleader to present facts that demonstrate "more than a sheer possibility" that defendant is liable for the alleged misconduct. Id.  In considering a motion to dismiss, a court must distinguish between the factual allegations and legal conclusions asserted in the complaint.  Id.  When a court finds well-pleaded factual allegations, it should assume the facts alleged are true and determine whether they plausibly give rise to an entitlement of relief sought in the complaint.  Id.  If not, a grant of motion to dismiss by a court is proper.

### II. Motions for Summary Judgment

A court has discretion to accept and consider extrinsic materials offered in connection with a Rule 12(b)(6) motion and convert the motion to one of summary judgment pursuant to Fed. R. Civ. P. 56(c).  Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1207 (9th Cir. 2007).  Summary judgment is proper when the moving party can demonstrate that there is no genuine

6 - OPINION AND ORDER

issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The moving party bears the burden of showing the absence of a genuine issue of material fact, and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  <u>Id.</u>

<b><u>DISCUSSION</u></b>

**I.  Injunctive and Declaratory Relief**

**A.  Injunctive and Prospective Declaratory Relief**

In their complaint, plaintiffs ask the Court to issue a preliminary and permanent injunction restraining defendants from enforcing any alleged discriminatory policies.  Specifically, plaintiffs ask for an injunction prohibiting defendants from restricting plaintiffs' bins to the Memorial Union area of campus, where their bins were limited pursuant to the former bin location policy.  Plaintiffs also request a declaration stating defendants' policies are unconstitutional.

Defendants move to dismiss, or in the alternative for summary judgment.  Defendants argue that any claim for injunctive or prospective declaratory relief is moot because defendants have instituted a new newspaper bin location policy that does not distinguish between on and off-campus newspapers.  Defendants offer exhibits and affidavits as evidence of their new bin location policy. *See* Declaration of Vincent Martorello, Affidavit

7 - OPINION AND ORDER

of Katherine G. Georges.  Taking into account this evidence
outside the pleadings, and viewing the facts in a light most
favorable to plaintiffs, summary judgment is proper because these
claims are mooted by defendants' new newspaper bin location
policy.

A claim is moot when issues presented are no longer live,
the parties lack a legally cognizable interest in the outcome, or
when there is no present controversy as to which effective relief
can be granted.  Outdoor Media Group, Inc. v. City of Beaumont,
506 F.3d 895, 900 (9th Cir. 2007).  A claim can be moot when a
defendant voluntarily ceases alleged improper conduct, as long as
the defendant is not free to return to the conduct at any time.
Id.; see also Friends of the Earth, Inc. v. Laidlaw Envtl.
Servs., 528 U.S. 167, 170 (2000)("A case might become moot if
subsequent events make it absolutely clear that the allegedly
wrongful behavior could not reasonably be expected to recur").
The party asserting mootness bears the burden of persuading the
court the controversy no longer exists and will not exist in the
future.  Laidlaw, 528 U.S. at 170.

Ninth Circuit precedent establishes that a statutory or
policy change by a defendant government entity is usually enough
to render a claim moot, even if the new policy was enacted after
a lawsuit was filed against the government on its previous
policy.  Outdoor Media, 506 F.3d at 900. As long as the new
policy cures the "alleged constitutional deficiencies" of the
former policy, and the defendant demonstrates no intent to

8 - OPINION AND ORDER

reinstate it, a claim for relief from the former policy is moot.
Id. at 901.

Here, defendants' new bin location policy cures the alleged
constitutional problems of the former policy.  In their
complaint, plaintiffs allege that the old policy discriminated
against plaintiffs because it restricted the placement of
plaintiffs' bins to certain areas on campus.  The former policy
allegedly did not place the same restrictions on the student
newspaper, *The Daily Barometer.* The new policy increases the
number of areas plaintiffs may place their bins and applies
equally to all publications - both student and off-campus
newspapers.  Therefore, defendants have demonstrated that the new
policy moots plaintiffs' claims for injunctive and prospective
declaratory relief.

Plaintiffs argue that it is not "absolutely clear" that
defendants will not return to their former policy because
defendants continue to defend the constitutionality of the former
policy in this lawsuit.  Plaintiffs analogize this case to DeJohn
v. Temple University, 537 F.3d 301, 309 (3d Cir. 2008).  There,
the court held that plaintiffs' claims were not moot because the
defendants defended not only the constitutionality, but *the need*
for their former policy.  Id. (emphasis added)  The defendants
here do not argue a "need" for their former policy, only for its
constitutionality.  Ninth Circuit precedent makes clear that a
defendant's defense of the legality of a former policy does not
imply the defendant will act in bad faith and return to that

policy after it makes clear to the court it will not.   Smith v.
University of Washington Law School, 233 F.3d 1188, 1195 (9th
Cir. 2000). Defendants have met their burden of demonstrating to
the court they intend to continue to follow their new newspaper
bin policy.

In sum, this court does not have jurisdiction over
plaintiffs' claims for injunctive and prospective declaratory
relief because they are moot.  Accordingly, summary judgement is
granted on those claims.

**B.  Retrospective Declaratory Relief**

Plaintiffs additionally request the court grant declaratory
relief with respect to defendants' past conduct and former bin
location policy.  While plaintiffs are correct that such relief
is not moot, see Forest Guardians v. Johanns, 450 F.3d 455, 462
(9th Cir. 2006), retrospective declaratory relief here is barred
by the Eleventh Amendment.

The U.S. Supreme Court held that the Eleventh Amendment bars
declaratory judgment by federal courts against state officials
when no continuing threat of harm or unlawfulness exits.  Green
v. Mansour, 474 U.S. 64, 73 (1985).  Retrospective declaratory
relief is akin to damages, and the Eleventh Amendment bars the
federal government from seeking awards of damages against the
state because the state holds sovereign immunity.  Id.  The only
narrow exception to this rule is that a federal court can grant
injunctive or declaratory relief against state officials for
ongoing unconstitutional conduct or on-going harm.  Rounds v.

10 - OPINION AND ORDER

Oregon State Board of Higher Education, 166 F.d 1032, 1036 (9th Cir. 1999); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007). Defendants ceased any conduct that plaintiffs allege as unconstitutional and there is no threat of ongoing harm. Therefore, the only remaining claim for declaratory relief is retrospective, which a federal court cannot grant against the defendants in this case. Defendants' motion to dismiss on retrospective declaratory relief is granted.

**II.  Damages**

In addition to injunctive and declaratory relief, plaintiffs seek compensatory, nominal, and punitive damages from individual defendants for economic injury and alleged violations of plaintiffs' First Amendment rights of freedom of speech and Fourteenth Amendment rights to due process and equal protection under the law.  While defendants' new newspaper bin location policy moots plaintiffs previous claims, it does not moot a claim of damages against individual defendants.  Outdoor Media, 506 F.3d at 902.  However, plaintiffs fail to present sufficient facts to show that individual defendants' conduct caused plaintiffs economic damages or deprived plaintiffs of their constitutional rights.  Since plaintiffs are barred by the Eleventh Amendment from seeking damages from defendants in their official capacities, Rounds, 166 F.3d at 1036, they must present factual statements that would lead the court to conclude that the acts of individual defendants plausibly caused the harm alleged by the plaintiffs.  Iqbal, 129 S.Ct. at 1949.  Plaintiffs have

11 - OPINION AND ORDER

not met this plausibility standard with regard to their claims
for damages.

### A. Compensatory and Nominal Damages

Plaintiffs seek compensatory and nominal damages for alleged
"economic injury" inflicted on them by individual defendants.
The only economic injury alluded to in the complaint is the fact
that 150 copies of *The Liberty* were ruined after the newspaper
bins were removed to a storage yard  Plaintiffs also complained
that one newspaper bin had been damaged, but it has since been
repaired by OSU Facilities Services.  However, plaintiffs do not
allege that individual defendants were directly involved in the
removal of the newspaper bins or any careless handling of the
bins that damaged the newspapers.  Failure to identify specific
acts committed by a defendant that caused alleged harm to a
plaintiff is grounds for dismissal of plaintiff's claim.  Kwai
Fun Wong v. United States, 373 F.3d 952, 966-67 (9th Cir. 2004).
Therefore, plaintiffs' claims for compensatory and nominal
damages are dismissed.

### B. Punitive Damages

Similarly, plaintiffs do not present factual statements that
support a conclusion that individual defendants plausibly
violated plaintiffs' constitutional rights and are therefore
entitled to punitive damages.

In their complaint, plaintiffs allege that defendants
restricted plaintiffs' distribution of *The Liberty* due to its
content and viewpoints.  However, this conclusory statement is

12 - OPINION AND ORDER

not supported by facts sufficient to support a viewpoint
discrimination claim under the First Amendment. See Moss v.
Secret Service, 572 F.3d 962, 970 (9th Cir. 2009)("The bald
allegation of impermissible motive on the [defendants'] part,
standing alone, is conclusory and is therefore not entitled to an
assumption of truth.") To state a sufficient claim of viewpoint
discrimination, a plaintiff must present facts showing that the
government suppressed a plaintiff's speech because of the
plaintiff's ideology, opinion, or perspective. Rosenberger v.
Rector & Visitors of Univ. of Va., 515 U.S. 819, 828 (1995).
The facts presented by plaintiffs do not support the allegation
that individual defendants were motivated in their actions or
communications by a desire to suppress plaintiffs' viewpoint.

In their response to defendants' motion to dismiss,
plaintiffs argue that *The Liberty* was similarly situated to *The
Daily Barometer* and was afforded disparate treatment by the
individual defendants.  Plaintiffs, however, do not provide
sufficient facts to support a conclusion that the two papers were
similarly situated, and many facts, particularly that *The Liberty*
was privately funded, negate that conclusion.  A claim of
viewpoint discrimination must be dismissed if the plaintiff is
claiming disparate treatment as compared to a party that is not
similarly situated. Moss, 572 F.3d at 971.  Even if the court
were to conclude that the two papers were in fact similarly
situated, that fact alone is not enough to push plaintiffs' claim
from one of possible to plausible viewpoint discrimination.  Id.

13 - OPINION AND ORDER

Plaintiffs also argue that they found two other off-campus newspaper bins in locations that were not authorized by the former policy.  This fact is similarly insufficient to state a claim that individual defendants engaged in viewpoint discrimination.  As explained above, plaintiffs do not allege that any individual defendants were involved in the bin removal process.  The fact that Facilities Services neglected to remove two improperly located off-campus bins does not indicate that individual defendants had any knowledge, or intention, that those bins received favorable treatment.  Plaintiffs' claim for damages based on viewpoint discrimination is dismissed.  For these same reasons, plaintiffs' claim for damages based on violations of their right to equal protection under the Fourteenth Amendment is also dismissed.

Finally, plaintiffs argue that individual defendants deprived them of their rights to due process under the Fourteenth Amendment.  Plaintiffs argue they did not receive notice prior to the removal of their newspaper bins.  Again, the individual defendants were not involved in the bin removal process.  There are no facts tying individual defendants to any alleged lack of notice.  Any claim for damages holding the defendants liable for the actions of Facilities Services staff by virtue of their official positions would effectively be barred by the Eleventh Amendment and 42 U.S.C. § 1983.  Plaintiffs' claim for damages based on violations of their rights to due process is dismissed.

## **CONCLUSION**

_____Defendants' motion for summary judgment (doc. 18) on plaintiffs' claims for injunctive and prospective declaratory relief is granted.  Defendants' motion to dismiss (doc. 18) on all remaining claims for relief, including retrospective declaratory relief and damages, is also granted.  Defendants' request for oral argument is denied as unnecessary.  This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

     Dated this __21__ day of February 2010.


__ ____        _____/s/ Ann Aiken_____
                    Ann Aiken
              United States District Judge

15 - OPINION AND ORDER